OPINION
Plaintiff-appellant, the State of Ohio, appeals the September 15, 2000 Judgment Entry of the Richland County Court of Common Pleas which vacated the conviction and sentence of defendant-appellee, Damell Owens, on the grounds of double jeopardy.
 STATEMENT OF THE CASE AND FACTS
On October 16, 1997, appellee plead guilty to two counts of aggravating trafficking in Case No. 97-CR-285H. On the same day, appellee also plead guilty to one count of aggravated assault, in Case No. 97-CR-317(B)(H). In two separate October 17, 1997 Sentencing Entries, appellee was sentenced to eighteen months for each count of aggravated trafficking, to be served concurrently, and eighteen months on the aggravated assault. Appellee's sentence on the aggravated assault conviction was also to be served concurrently to his sentence on the aggravated trafficking charges. Appellee was also sentenced to a period of post-release control. Appellee served his prison sentence and was released. On December 8, 1999, appellee was charged with violating post-release control by possessing a .45 caliber firearm and driving on two separate occasions with a suspended license. Pursuant to R.C. 2967.28(F)(3), the parole board held a hearing on appellee's alleged violations. After the hearing, appellee was found guilty of possessing the firearm. Appellee plead guilty to driving with a suspended license. As a result, the post-release control hearing officer sent appellee back to prison for ninety days. In January of 2000, the Richland County Grand Jury indicted appellee with one count of having weapons while under disability. This charge was a result of appellee's possession of the .45 caliber firearm and was for the same event for which appellant was charged in his post-release control violation. On March 22, 2000, appellee plead guilty to the charge. In an April 5, 2000 Sentencing Entry, the trial court sentenced appellee to six months in prison for the violation. On July 7, 2000, appellee filed a Motion to Vacate his guilty plea and sentence on the grounds of double jeopardy. In a September 15, 2000 judgment entry, the trial court vacated appellee's conviction and sentence on the grounds of double jeopardy. It is from this judgment entry appellant prosecutes its appeal, assigning the following error:
 THE TRIAL COURT ERRED WHEN IT VACATED THE DEFENDANT'S SENTENCE ON DOUBLE JEOPARDY GROUNDS.
 I
In its sole assignment of error, appellant maintains the trial court erred in vacating appellee's sentence on double jeopardy grounds. Appellant contends post-release control sanctions are part of an offender's original sentence and not an additional or separate punishment from the underlying offense. We agree. Appellant's sole assignment of error is sustained for the reasons set forth in State v. Reaves (Dec. 15, 2000), Richland App. No. 00CA42, unreported; See also, State v. Hopkins (Nov. 27, 2000), Stark App. No. 2000CA00053, 2000CA00054, unreported. The September 15, 2000 Judgment Entry of the Richland County Court of Common Pleas is reversed.
This matter is remanded to the trial court for further proceedings consistent with our opinion and law.
 ______________ Hoffman, P.J.
Wise, J. and Boggins, J. concur